# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 CR 34

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BRANDON EDWARD McDADE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS MATTER came on to be heard before the undersigned pursuant to a violation report (#16) filed on October 4, 2010 and a later memorandum (#20) filed on February 23, 2011. Both filings concerned the presentence release of defendant. At the call of this matter on for hearing, it appeared defendant was present with his counsel, Fredilyn Sison, and the government was present through Assistant United States Attorney Corey Ellis. From the evidence presented and the records in this cause, the undersigned makes the following findings.

**Findings**: On June 1, 2010, defendant was charged in a bill of indictment with four counts of larceny from the Postal Service while he was employed as a Postal Service employee, in violation of 18 U.S.C. § 1709. On June 17, 2010, the undersigned held a hearing regarding detention of defendant and released defendant on terms and conditions of pretrial release.(#5) Defendant entered a plea of guilty on August 26, 2010 to each one of the four counts contained in the bill of indictment.

Thereafter, on October 4, 2010 the United States Probation Office filed a violation report alleging that defendant had violated terms and conditions of his release. The report alleged defendant had taken a drug test and the test resulted in a positive test by defendant for the use of hydrocodone. Defendant did not have a current prescription for hydrocodone.

On October 7, 2010, the undersigned held a hearing on the violation report and at that time it was recommended the undersigned allow defendant to participate in a six-month period of inpatient treatment at Rainbow Canyon Retreat in the state of Nevada. On February 23, 2011 the probation office filed a memorandum regarding the treatment of defendant. The memorandum showed defendant had participated in the treatment program at Rainbow Canyon Retreat but the treatment was not a six-month program. Defendant had, in fact, been released from the program on December 17, 2010. Since that time, defendant has been residing in Las Vegas, NV and has been working at a Goodwill store as a part of an ethics program due to alleged misconduct of defendant while he was being treated at Rainbow Canyon Retreat.

Evidence was presented through defendant's mother, Sonya Stott, regarding the treatment of defendant at the Rainbow Canyon Retreat and his work at Goodwill in Las Vegas. It was Ms. Stott's opinion that the defendant needed to continue with some type of treatment due to his addiction to prescription medications.

**Discussion.** 18 U.S.C. § 3143(a) provides:

(a) **Release or detention pending sentence**.—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3148(b) provides;

(b) **Revocation of release.**----The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extend practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer---

 (1) finds that there is ----

  (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
  (B) clear and convincing evidence that the person has violated any other condition of release; and

 (2) finds that ---

>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

The evidence shows defendant did, during a term of pretrial release, commit at least a state crime in that defendant tested positive for use of hydrocodone on September 29, 2010 at a time when he did not have a prescription for hydrocodone. The undersigned further finds by clear and convincing evidence that defendant violated a condition of release, that being that he possessed hydrocodone which he used without having a valid prescription. The undersigned cannot find there are no conditions or combination of conditions of release that would assure that defendant would not flee or pose a danger to the safety of any other person or the community or that defendant is a person who is unlikely to abide by any condition or combination of conditions of release.

The undersigned is of the opinion defendant is in need of more specific and intensive treatment than that which has been provided at the Rainbow Canyon Retreat. The undersigned has further determined to enter a new order of release releasing defendant to the custody of his mother for the purpose of her transporting defendant to the CHAMPS drug treatment program in Charlotte, NC. After defendant has

4

completed his drug treatment, defendant shall be returned for further hearings before the undersigned to determine whether or not defendant has successfully completed treatment and if so, should defendant continue to be released on terms and conditions of presentence release.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that defendant be released on terms and conditions of presentence release as shall appear here of record so that defendant can attend the CHAMPS drug treatment program in Charlotte, NC. Upon completion of treatment, defendant shall return and be presented before the undersigned for further proceedings to determine whether or not defendant shall be continued on terms and conditions of presentence release.

Signed: March 16, 2011

Dennis L. Howell
United States Magistrate Judge